IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Michael E. Hamm, #15649 (05052604), | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:05-1919-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Detective Barbare, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2005) and Local Rule 73.02 DSC.[1] Michael E. Hamm ("Hamm"), a state pretrial detainee proceeding pro se, alleges various violations to his civil rights in connection with his pretrial detainment in an action which was construed as one brought under 42 U.S.C. § 1983. Hamm requested that the court release him and award him damages for the allegedly false arrest and imprisonment.

In his Report and Recommendation, Magistrate Judge Marchant recommends dismissing Hamm's complaint without prejudice and without issuance and service of process because Hamm's § 1983 claim has yet to accrue under Heck v. Humphrey, 512 U.S. 477, 487

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(1994), and because the court should abstain from interfering with state court proceedings under Younger v. Harris, 401 U.S. 37, 44 (1971), and allow the state court to address Hamm's alleged violations to his constitutional rights.

Hamm filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that almost all of Hamm's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, construing Hamm's objections liberally, the court was able to glean one specific objection.

Hamm cites 28 U.S.C. § 2254(d) and asserts that § 2254 supports his claim that he should be released immediately.[2] However, § 2254 is not available to pretrial detainees, as a pretrial detainee is not yet subject to a state court judgment. See Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001). Rather, for Hamm to recover habeas relief in federal court,

---

[2]The court notes that Hamm raised no specific objections to the Magistrate Judge's conclusion that a § 1983 claim has not yet accrued under Heck. As such, Hamm cannot proceed with his § 1983 action. However, in his objections, Hamm suggests that he intended to seek habeas relief. As explained above, Hamm fails to meet the requirements which would permit him to proceed with a habeas petition at present.

Hamm must file a claim pursuant to 28 U.S.C. § 2241, which he has not done. Id. at 597-98. Moreover, Hamm has not exhausted his state administrative remedies which is necessary for him to bring a habeas petition under either §§ 2254 or 2241. See 28 U.S.C. § 2254(b)(1)(A) (West Supp. 2005); see Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (holding that a prisoner must exhaust administrative and state court remedies before bringing a petition pursuant to § 2241); Crosby v. Warden, Roxbury Corr. Inst., No. 04-6522, 2004 WL 2294665, at *1 (4th Cir. Oct. 8, 2004) (unpublished) (citing Hamm, 300 F.3d at 1216). Although Hamm asserts that he submitted the facts in his complaint through the inmate grievance system, and "They said [he] had to deal with [the] Hanahan [police department]," he has not shown that he has exhausted the remedies available to him in the state system. (Compl. at 2.) Hamm claims that on June 3, 2005, he sent multiple motions, including a motion "to release from false arrest; false imprisonment" to "The Hanahan Police Dept. To His Honorable McGuire, Detective Barbare, And The Clerk of Court." (Obj. at 2.) However, there is no indication that the state court has ruled on that motion.[3] As such, Hamm has not exhausted his state remedies, and he cannot bring a habeas petition pursuant to § 2241 at this time.

---

[3]Hamm suggests that Detective Barbare committed some wrong by providing copies of the motions Hamm filed on June 3, 2005, to the solicitor in Hamm's pending criminal proceedings. (Obj. at 3.) However, Hamm admits to sending copies of the motions to Barbare, and because Hamm's allegations attack the state's ongoing criminal proceedings, Hamm has shown no reason why it was not entirely appropriate for the state solicitor to have copies of those motions. To the extent Hamm claims that he only sent one copy of the motion, which was never filed because it was sent to the wrong recipient, it is Hamm's responsibility to follow the proper procedures to ensure that his motions are filed such that he can exhaust the state remedies available to him.

Additionally, the court notes that Hamm raised no specific objections to the Magistrate Judge's determinations that the doctrine set forth in Younger bars the court from intervening in South Carolina's pending criminal proceedings and that the state can adjudicate his federal constitutional claims. As such, Hamm must properly raise his constitutional claims before the state court and exhaust his state remedies before he may bring them in federal court.

Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Hamm's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 1, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4